60

Aajonus VONDERPLANITZ,
Plaintiff—Appellant,

v.

CITY OF LOS ANGELES; et al.,
Defendants—Appellees.

No. 00–56930.
D.C. No. CV–96–05690–RMT.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

In this civil rights action, Aajonus Vonderplanitz appeals pro se the district court's grant of partial summary judgment, entry of judgment following a jury trial, and various pre-trial orders. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We review for abuse of discretion the dismissal of a complaint for failure to timely serve the summons and complaint. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir.2001). Vonderplanitz admits that he did not serve defendant McGarity in the same manner as the other police defendants. Because service on McGarity was defective, the district court did not abuse its discretion by dismissing the action as to McGarity for failure to effect service within 120 days. *See* Fed. R.Civ.P. 4(m); *In re Sheehan*, 253 F.2d at 511 (stating that where plaintiff lacks good cause for defective service district court has discretion to dismiss without prejudice).

** This disposition is not appropriate for publication and may not be cited to or by the

■ We review the district court's decision to set aside the entry of default for abuse of discretion. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir.1994). Because defendant Moll timely moved to vacate and had a meritorious defense, the district court's decision to set aside the default was not "clearly wrong." *See id.*

■ We review summary judgment de novo. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 991 (9th Cir.2001). The district court properly granted summary judgment to defendants Alvarez, Moser and Marshall on the false arrest and retaliation claims because they did not participate in the determination of probable cause or in Vonderplanitz's arrest. *See Saucier v. Katz*, 533 U.S. 194, 207, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2002) (cautioning that the first aspect of the qualified immunity analysis is to determine whether the facts viewed in the light most favorable to plaintiff could set forth a constitutional violation); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988) (stating that section 1983 liability must be predicated on an individualized inquiry into causation). The district court properly found defendant Esparza qualifiedly immune because he was entitled to rely on the probable cause determination made by his superiors. *See Whiteley v. Warden*, 401 U.S. 560, 567, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) (stating police officers entitled to rely on radio bulletin announcing arrest warrant issued); *cf. Ramirez v. Butte–Silver Bow County*, 283 F.3d 985, 990 (9th Cir.2002) (concluding line officers entitled to qualified immunity where they accepted their superiors' representations about validity of search warrant).

■ Because the evidence did not support the conclusion that defendant Moll had acted in concert with the police, the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

district court properly granted him summary judgment on the federal claims and dismissed the state claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *DeGrassi v. City of Glendora,* 207 F.3d 636, 647 (9th Cir.2000). Vonderplanitz further failed to submit evidence sufficient to demonstrate that the City of Los Angeles had a policy or practice of making arrests without probable cause and that such a policy was the moving force behind his arrest. *See Board of County Comm'rs v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

■ We review the formulation of jury instructions for an abuse of discretion, considering the instructions as a whole to determine if they are misleading or inadequate. *Guebara,* 237 F.3d at 992. The record does not support Vonderplanitz's contention that the trial judge erred by failing to give his proposed "balancing" instruction because the instruction given fairly and accurately stated the relevant law on probable cause. *See id.*

We reject as lacking merit Vonderplanitz's contentions regarding the denial of his request for a 12 person jury, the seating of juror Lee on the jury, the alleged introduction of hearsay testimony into evidence, the 90 minute time-limit imposed for his closing argument, the denial of his motion to file a second amended complaint, the timeliness of defendants' summary judgment motions, the amount of time it took for the district court to rule on summary judgment, and defendants' alleged failure to produce discovery documents.

**AFFIRMED.**